IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS L. ARNOLD, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action No. 16-0993 (JBS) |
| WARDEN HOLLINGSWORTH, | **OPINION** |
| Respondent. | |

APPEARANCES:

Curtis L. Arnold, Petitioner pro se
#21094-058
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Curtis L. Arnold, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting his status as a career offender be removed from his record and that he be afforded access to the courts. Petition, Docket Entry 1. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

## II.  BACKGROUND

Petitioner pled guilty to conspiracy to possess with intent to distribute, 21 U.S.C. §§ 841, 846 on September 13, 2005 in the United States District Court for the Western District of North Carolina. Petition at ¶ 4; Memorandum of Law, Docket Entry 1-1 at 2. On December 19, 2005, the District Court determined Petitioner's two prior North Carolina convictions for possession with intent to sell and deliver cocaine qualified Petitioner as a career offender.[1] "Petitioner did not contest his career offender status, but sought a downward departure based on overrepresentation of criminal history category." *Arnold v. United States*, No. 10-0453, 2015 WL 1457531, at *1 (W.D.N.C. Mar. 30, 2015), *appeal dismissed*, 613 F. App'x 252 (4th Cir. 2015).[2] The District Court sentenced Petitioner to the low-end of the guideline range, 262 months. *Id.*; Memorandum of Law at 2-3.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on September 13, 2010, arguing "that neither of his North Carolina drug convictions

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[2] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

subjected him to a term of imprisonment in excess of one year;
therefore, he was not a career offender under USSG § 4B1.1."
*Arnold*, 2015 WL 1457531, at *1. The motion was stayed pending
developments in the Fourth Circuit's line of cases beginning
with *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en
banc) (holding North Carolina convictions are "crimes punishable
by a term of imprisonment exceeding one year" for federal
sentencing purposes only when the defendant's particular
criminal history and the nature of his offense warrant), and
ending with *Whiteside v. United States*, 775 F.3d 180, 183 (4th
Cir. 2014) (en banc) (holding *Simmons* does not qualify as a as a
new "fact" for purposes of resetting § 2255's statute of
limitations). *Id.* at *2.

The District Court determined Petitioner's motion was time
barred in accordance with *Whiteside* and that Petitioner had
waived his right to collaterally attack his sentence as part of
his plea bargain. *Id.* at *3-4. The court dismissed the motion,
and the Fourth Circuit affirmed for the reasons stated by the
District Court. *Arnold v. United States*, 613 F. App'x 252 (4th
Cir. 2015) (per curiam). Petitioner also filed an unsuccessful
motion under 18 U.S.C. § 3585 requesting that his career
offender status be removed. Petition ¶ 12.

Petitioner filed the instant petition on February 17, 2016.
This Court denied Petitioner's application to proceed *in forma*

3

*pauperis* and administratively terminated the petition on March 8, 2016, pending payment of the filing fee. Docket Entry 2. Petitioner paid the filing fee on March 24, 2016, and the Court reopened the matter for review.

Petitioner raises two grounds for relief: (1) "the principle of fundamental fairness requires that Petitioner's status as a career offender be deleted from both his judgment and [commitment] order and pre sentence [sic] investigation report," and; (2) "The U.S. Attorney violated Petitioner's due process rights by failing to afford Petitioner the same opportunity afforded to other [similarly situated] prisoners." Petition ¶ 13. He asks the Court to remove the career offender status under Simmons, and to order the U.S. Attorney to permit other prisoners to challenge their career offender statuses. *Id.* ¶ 15.

## III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with

4

a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015)

(quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119
F.3d 245, 249 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where
the petitioner demonstrates that some limitation or procedure
would prevent a § 2255 proceeding from affording him a full
hearing and adjudication of his wrongful detention claim."
*Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002)
(citations omitted). "Section 2255 is not inadequate or
ineffective merely because the sentencing court does not grant
relief, the one-year statute of limitations has expired, or the
petitioner is unable to meet the stringent gatekeeping
requirements of . . . § 2255." *Id.* at 539 (citations omitted).
"It is the inefficacy of the remedy, not the personal inability
to use it, that is determinative." *Id.* at 538 (citation
omitted); *see also Okereke*, 307 F.3d at 120-21.

Petitioner does not argue that he is innocent of the
offense for which he was convicted, rather his assertion is that
he is "actually innocent" of being a career offender because of
an intervening change in Fourth Circuit law. This claim is
insufficient to fall within the *Dorsainvil* exception as it
relates to an argument that Petitioner is factually innocent of
a sentencing enhancement as opposed to being factually innocent
of the crime for which he was convicted. *Okereke*, 307 F.3d at
120-21; *see also United States v. Brown*, 456 F. Appx. 79, 81 (3d

6

Cir. 2012) (per curiam) (holding prisoner not entitled to proceed under § 2255's "safety valve" when he "makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012).

Petitioner's assertion that his requested relief is not available under § 2255 is belied by the fact that he was in fact able to file a § 2255 motion requesting this relief. Moreover, the cases Petitioner cites as proof of the U.S. Attorney's denial of access to the courts were all filed under § 2255, not § 2241. Memorandum of Law at 6-7 (citing cases). Section 2255 is not "inadequate or ineffective" because the sentencing court did not grant Petitioner's motion. *Cradle,* 290 F.3d at 539. Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition as Petitioner has already raised a challenge to his career offender status in a § 2255 motion. Nothing in this opinion, however,

7

should be construed as prohibiting Petitioner from seeking the Fourth Circuit's permission to file on his own should he so choose.

## V.   CONCLUSION

For the reasons stated above, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.


__May 13, 2016_____                  __s/ Jerome B. Simandle__
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge