IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS L. ARNOLD, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 16-0993 (JBS) |
| WARDEN HOLLINGSWORTH, | |
| Respondent. | **OPINION** |

APPEARANCES:

Curtis L. Arnold, Petitioner pro se
#21094-058
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

On May 16, 2016, this Court dismissed Curtis L. Arnold's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. Docket Entry 6. Petitioner now moves for reconsideration of that order. Motion for Reconsideration, Docket Entry 7. For the reasons expressed below, the motion is denied.

**II.  BACKGROUND**

Petitioner pled guilty to conspiracy to possess with intent to distribute, 21 U.S.C. §§ 841, 846 on September 13, 2005 in

the United States District Court for the Western District of
North Carolina. Petition, Docket Entry 1 ¶ 4; Memorandum of Law,
Docket Entry 1-1 at 2. On December 19, 2005, the District Court
determined Petitioner's two prior North Carolina convictions for
possession with intent to sell and deliver cocaine qualified
Petitioner as a career offender and sentenced him to 262 months.
*See Arnold v. United States*, No. 10-0453, 2015 WL 1457531
(W.D.N.C. Mar. 30, 2015) (denying § 2255 motion), *appeal
dismissed*, 613 F. App'x 252 (4th Cir. 2015).[1]

     After failing to remove the career offender designation via
motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3585, Petitioner
filed a petition for writ of habeas corpus under § 2241 in this
Court on February 17, 2016. He raised two grounds for relief:
(1) "the principle of fundamental fairness requires that
Petitioner's status as a career offender be deleted from both
his judgment and [commitment] order and pre sentence [sic]
investigation report," and; (2) "The U.S. Attorney violated
Petitioner's due process rights by failing to afford Petitioner
the same opportunity afforded to other [similarly situated]
prisoners." Petition ¶ 13. He asked the Court to remove the
career offender status in light of *United States v. Simmons*, 649

---

[1] "[A] court may take judicial notice of a prior judicial
opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir.
2009).

                                    2

F.3d 237 (4th Cir. 2011) (en banc) (holding North Carolina convictions are "crimes punishable by a term of imprisonment exceeding one year" for federal sentencing purposes only when the defendant's particular criminal history and the nature of his offense warrant), and to order the U.S. Attorney to permit other prisoners to challenge their career offender statuses. *Id.* ¶ 15. After conducting its initial review of the petition, the Court dismissed the petition for lack of jurisdiction as Petitioner's claims were more appropriately brought under § 2255. Order, Docket Entry 6. It declined to transfer the petition to the Fourth Circuit as Petitioner had already challenged his career offender status in a § 2255 motion. Slip Opinion, Docket Entry 5 at 7; *see also Arnold*, 2015 WL 1457531 at *3-4 (holding motion time-barred and barred by plea agreement).

Petitioner filed a motion for reconsideration asking the Court to reinstate his petition asserting the Court "inadvertently misconstrued Petitioner's pro se submission as a challenge to the validity of his sentence, when in fact, Petitioner is seeking to prohibit an erroneous fact in his Pre Sentence Report from continuing to prevent him from a reduction of his sentence . . . ." Motion for Reconsideration at 1. He further asserts this Court must exercise jurisdiction over the petition in light of *Foote v. United States*, 784 F.3d 931 (4th

3

Cir. 2015), in which Fourth Circuit held that "relief for *Simmons* errors 'was not a fundamental defect that inherently result in a complete miscarriage of Justice' and that relief pursuant to 28 U.S.C. § 2255 is not available for such errors." *Id.* at 2.

## III. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

4

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

**IV. ANALYSIS**

Petitioner argues this Court erred in its determination that it lacked jurisdiction over his petition as he is not challenging "the validity of his sentence, [instead] Petitioner is seeking to prohibit an erroneous fact in his Pre Sentence Report from continuing to prevent him from a reduction of his sentence . . . ." Motion for Reconsideration at 1. He also asserts the Fourth Circuit's *Foote* case requires this Court to exercise jurisdiction under § 2241 as his claims cannot be brought under § 2255. *Id.* at 2.

First, the submitted petition specifically requested the Court remove the career offender status from Petitioner's "judgment and [commitment] order," Petition at 6, not just his presence report as Petitioner now claims. Challenges to the validity of a judgment of conviction must be brought under § 2255. Under current Third Circuit precedent, challenges to career offender status may not be made under § 2241. *See United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam)

5

(holding prisoner not entitled to proceed under § 2255's "safety valve" when he "makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012). Thus far, the Third Circuit has only permitted cases to proceed under the safety valve exception "where the conduct that forms the basis for the conviction has since been deemed non-criminal by an intervening Supreme Court decision that was unavailable on appeal or during § 2255 proceedings." *Upshaw v. Warden Lewisburg USP*, 634 F. App'x 357, 368 (3d Cir.) (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)), *cert. denied sub nom. Upshaw v. Ebert*, No. 15-9375 (June 27, 2016). Petitioner's arguments regarding the Fourth Circuit's *Foote* decision, which is not binding authority on this Court, do not bring him within those narrow set of circumstances. The fact that Petitioner disagrees with the Court's conclusion is not a basis for reconsideration.

Moreover, Petitioner clearly was not prevented from challenging his career offender status under § 2255 as he did in fact challenge his sentence in the Western District of North Carolina and was denied relief on timeliness and waiver grounds. *Arnold v. United States*, No. 10-0453, 2015 WL 1457531 (W.D.N.C. Mar. 30, 2015). Petitioner is essentially asking this Court to

6

grant him the relief the Western District determined was not permissible under the circumstances. That is not the purpose of § 2241. The Court will therefore not reconsider its decision to dismiss the petition for lack of jurisdiction. The motion is denied.

**V.   CONCLUSION**

     For the reasons stated above, the motion for reconsideration is denied. An accompanying Order will be entered.

**July 6, 2016**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

7